UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PRATT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONAFIDE PROVISIONS, LLC,<br><br>Defendant. | Case No.: 25-cv-1982-AJB-KSC<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (Doc. No. 9)** |

On August 1, 2025, Plaintiff George Pratt ("Plaintiff") filed a class action complaint against Defendant Bonafide Provisions, LLC ("Bonafide"). (Doc. No. 1.) Upon review of the pleadings, this Court does not subject matter jurisdiction over this case. Accordingly, for the reasons stated below, Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**. Bonafide's pending motion is dismiss is **DENIED AS MOOT**.

Although Bonafide does not raise of subject matter jurisdiction in its motion to dismiss, "this Court has an independent obligation to address sua sponte whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

1

jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.*

Here, Plaintiff invokes federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Doc. No. 1 ¶ 7.) Federal courts have original jurisdiction under CAFA where the number of proposed plaintiffs is greater than 100, there is a diversity of citizenship between any member of the class and any defendant, and the amount in controversy is more than $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014). However, the district court "shall decline to exercise jurisdiction" over a class action in which two-thirds or more of the class members, and the primary defendants, are citizens of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B).

Plaintiff alleges he is a citizen of California and a resident of Modesto, California. (*Id.* ¶ 4.) Plaintiff alleges that Bonafide "is a California corporation with its principal place of business in Carlsbad, Claifornia."[1] (*Id.* ¶ 6.) Because Plaintiff and Bonafide are both citizens of California, minimum diversity does not exist. Thus, Plaintiff has failed to establish diversity of citizenship between the parties as required for this court to exercise subject matter jurisdiction over this action. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 763 (9th Cir. 2023) (noting that CAFA "impose[s] specific requirements that must be satisfied before federal jurisdiction is conferred").

---

[1] It is unclear whether Bonafide is a limited liability company or a corporation. However, the distinction is likely immaterial to the jurisdiction analysis. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700–05 (4th Cir. 2010) (holding that an LLC is an "unincorporated association" for CAFA purposes under § 1332(d)(10) and thus a citizen of the state where it has its principal place of business and the State under whose laws it was organized); *see also Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021) (finding that an LLC is "an unincorporated association" for CAFA purposes, though it remains an open question in the Ninth Circuit).

25-cv-1982-AJB-KSC

As for the amount in controversy, Plaintiff's complaint provides a conclusory allegation that the amount in controversy is satisfied. (*See* Doc. No. 1 ¶ 14.) But "conclusory allegations at to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).

Accordingly, Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff chooses, he may file an amended complaint by no later than **February 13, 2026**. Any amended complaint must cure the deficiencies outlined in this Order. If Plaintiff files an amended complaint, Defendant must file a responsive pleading by no later than **March 6, 2026**.

**IT IS SO ORDERED.**

Dated:  January 30, 2026

Hon. Anthony J. Battaglia
United States District Judge

3

25-cv-1982-AJB-KSC